1
2
3            IN THE UNITED STATES DISTRICT COURT
4           FOR THE NORTHERN DISTRICT OF CALIFORNIA
5                    SAN FRANCISCO DIVISION
6

7   DEUTSCHE BANK TRUST COMPANY           No. C 12-01077 RS
    AMERICAS AS TRUSTEE,
8
9              Plaintiff,               **ORDER GRANTING MOTION TO**
                                        **REMAND AND DENYING REQUEST**
10     v.                               **FOR SANCTIONS**
11  SYLVESTER BRADFORD, *and* JOHN
    ROBINSON,
12
               Defendants.
13  _____/

14        Plaintiff Deutsche Bank Trust Company Americas originally filed this unlawful detainer

15  action against defendants in the Alameda County Superior Court, seeking to establish its right to

16  possess 6600 Brann Street, Oakland, California, following foreclosure proceedings.  Defendants

17  removed the case to this Court, ostensibly on the basis of federal question jurisdiction.  Plaintiff now

18  moves to remand the case, over defendants' opposition.  Pursuant to Civil Local Rule 7-1(b), the

19  motion is appropriate for disposition without a hearing, and must be granted for the reasons set forth

20  below.

21        Under the federal removal statute, a defendant may remove to federal court "any civil action

22  brought in a State court of which the district courts of the United States have original jurisdiction."

23  28 U.S.C. § 1441(a).  Removal is appropriate if a case originally filed in state court presents a

24  federal question "arising under" the Constitution, treaties, or laws of the United States.  *Id.* at §

25  1331.  *Caterpillar, Inc v. Williams*, 482 U.S. 386, 392 (1987).  Whether a case satisfies federal

26  question jurisdiction is tested by reference to the well-pleaded complaint rule, which provides that

27  the existence of a federal question is determined by reference to the face of the plaintiff's complaint.

28  *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Sparta Surgical Corp. v. Assoc. of Sec. Dealers*, 159

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   F.3d 1209, 1211 (9th Cir. 1998).  However, the exercise of federal question jurisdiction is also

2   appropriate if "it appears that some substantial, disputed question of federal law is a necessary

3   element of one of the well-pleaded state claims."  *Franchise Tax Bd. of State of Cal. v. Construction*

4   *Laborers Vacation Trust for So. Cal.*, 436 U.S. 1, 13 (1983).

5        Plaintiff filed its complaint pursuant to California Code of Civil Procedure §1161, the state's

6   unlawful detainer statute, without reference to federal law.  Defendants' notice of removal asserts

7   that this Court has original jurisdiction over the case due to their demurrer, which asserted that

8   plaintiff's notice to vacate the premises did not comply with The Protecting Tenants at Foreclosure

9   Act, 12 U.S.C. § 5220.   That is inaccurate.  "[T]he plaintiff is 'the master of his complaint' and may

10  'avoid federal jurisdiction by relying exclusively on state law.'"  *Hunter v. Philip Morris USA*, 582

11  F.3d 1039, 1042 (9th Cir. 2009) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d

12  1102, 1106 (9th Cir. 2000)).  Here, the complaint relies solely on California Code of Civil

13  Procedure §1161, and the statute identified by defendants does not provide a "necessary element" of

14  plaintiff's claim for relief.  Accordingly, the motion to remand must be granted.

15       Plaintiff claims entitlement to sanctions, in the form of attorney's fees and other just costs, as

16  a result of the deficient removal.  *See* Fed. R. Civ. P. 11.  An order remanding a removed case to

17  state court "may require payment of just costs and any actual expenses, including attorney fees,

18  incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has cautioned,

19  however, that an award of fees is ordinarily appropriate "only where the removing party lacked an

20  objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

21  134 (2005).  In determining whether to award attorney's fees as a result of removal by a *pro se*

22  defendant, courts recognize the lack of legal assistance to be significant.  *See OneWest Bank, FSB v.*

23  *Mohr,* No. C 10-00639, 2010 WL 2721437 at *3 (N.D. Cal. July 7, 2010) (declining to award

24  attorney's fees because the defendant filed a notice of removal "without the benefit of legal

25  counsel," even though it would have been "readily apparent" that defendant's notice of removal

26  lacked an objectively reasonable basis for removal); *HSBC Bank USA, Nat. Ass'n v. Manuel*, No. C

27  10-01186, 2010 WL 3366410 at *2 (N.D. Cal. Aug. 25, 2010) (denying attorney's fees and costs,

28  stating that a pro se defendant is entitled to more leeway in his attempt to comply with a removal

No. C 12-02229 RS
ORDER

2

statute); *Szanto v. Szanto Revocable Trust of 1991*, No. C 10-1364, 2010 WL 2280356 at *2 (N.D. Cal. June 7, 2010) (refusing to award attorney's fees because the pro se litigant's "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction . . . [was] understandable").  Here defendants were not represented by counsel and the Court, within its discretion, declines to recognize their efforts as so unreasonable.  The request for fees and costs is therefore denied.

     IT IS SO ORDERED.

Dated:  7/26/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California